**PILLSBURY WINTHROP SHAW PITTMAN LLP**
CHRISTOPHER E. STRETCH (SBN 166752)
christopher.stretch@pillsburylaw.com
KENNETH E. KELLER (SBN 71450)
kenneth.keller@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    415.983.1000
Facsimile:    415.983.1200

**FLASTER GREENBERG, P.C.**
MICHAEL BONELLA, ESQ. (pro hac vice pending)
ALEXANDER ROSS, ESQ. (pro hac vice pending)
ERIC CLENDENING, ESQ. (pro hac vice pending)
1835 Market St., Suite 1050
Philadelphia, PA 19103
T: (215) 279-9393
F: (215) 279-9394

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MAGIC OF THINGS, LTD. and THE CAULDRON LONDON, LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>VIRAL VENTURES, PTY, LTD. and VIRAL VENTURES, INC.,<br><br>Defendants. | Civil Action No. ____<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND BREACH OF CONTRACT<br><br>JURY DEMAND |

Plaintiffs The Magic of Things, Ltd. ("The Magic of Things LTD") and The Cauldron London, LTD. ("The Cauldron London") (collectively, "The Magic of Things") bring this complaint against defendants Viral Ventures PTY, Ltd. ("Viral Ventures PTY") and Viral Ventures, Inc. ("Viral Ventures CA") (collectively "Viral Ventures") for trademark infringement, trade dress infringement, unfair competition and breach of contract.

1. The Magic of Things operates a bar, restaurant, and magical cocktail experience called "The Cauldron," with locations in New York, London, Edinburgh, and Dublin.

2. The Cauldron London owns three trademark registrations on the Principal Register for its bar, restaurant, and magical experience: **THE CAULDRON** (U.S. Reg. No. 5,906,453), **THE CAULDRON EXPERIENCE** (U.S. Reg. No. 5,945,377), and **THE CAULDRON MAGICAL EXPERIENCE** (U.S. Reg. No. 5,939,294) (collectively, the "**CAULDRON** Trademarks").

3. In early November 2018, defendant Viral Ventures PTY noticed that The Cauldron in London was getting a great deal of press and was very successful.

4. Viral Ventures PTY then reached out to The Magic of Things under the pretense of creating a partnership for expanding The Magic of Things' concept of its magical bar and cocktail experience into new locations.

5. On November 20, 2018, The Magic of Things LTD and Viral Ventures PTY entered into a mutual non-disclosure agreement ("NDA") governing this potential partnership and business possibility. The NDA is attached hereto as Exhibit A.

6. The parties then engaged in several conversations by phone, video call, and e-mail exchanges concerning how to run the business in order to maximize profit and the high-level technology implemented in the bar to simulate and convey the magical experience.

7. The Magic of Things hosted a representative of Viral Ventures at its

London branch in December of 2018, and the representative was given a full tour and explanation of the offering and operations, as well as an in-person look at the technology and interactivity of the venue.

8. The Magic of Things ultimately decided not to pursue the opportunity with Viral Ventures PTY.

9. Shortly thereafter, Viral Ventures opened competing magic bars under the infringing name "The Wizard's Cauldron" throughout the world, using the same proprietary technology, designs, experiences, and operating procedures that it gleaned through its confidential communications with The Magic of Things.

10. Viral Ventures is currently selling tickets for The Wizard's Cauldron pop-up bar experience in Hollywood, California, from February 26, 2020, until April 5, 2020.

11. The Magic of Things has received numerous e-mails detailing confusion from consumers and business partners who believe mistakenly that "The Wizard's Cauldron" is affiliated with "The Cauldron."

12. Viral Ventures' unauthorized and willful use of The Cauldron London's registered **CAULDRON** Trademarks, and confusingly similar trademarks, in connection with competitive products and services in a deceptive manner has resulted in Viral Ventures unlawfully obtaining significant revenues, along with irreparable harm to The Cauldron London's reputation and goodwill.

13. Accordingly, The Magic of Things brings this complaint for trademark infringement, trade dress infringement, unfair competition and breach of contract, seeking damages and injunctive relief against Viral Ventures.

## PARTIES

14. Plaintiff The Magic of Things LTD is a United Kingdom limited company (LTD) with a principal place of business at 94 Wallis Road, E9 5LN, London, United Kingdom.

4837-3726-9428.v1

15. Plaintiff The Cauldron London is a United Kingdom limited company with a principal place of business at 94 Wallis Road, E9 5LN, London, United Kingdom.

16. The Magic of Things' magical venue, The Cauldron, has locations in New York, London, Edinburgh, and Dublin.

17. On information and belief, Defendant Viral Ventures PTY is an Australian Proprietary Limited Company (PTY LTD) with a principal place of business at Level 5, Fox Studios, 16/38 Driver Ave., Moore Park, NSW 2021, Sydney, Australia.

18. On information and belief, Defendant Viral Ventures CA is a California corporation with a principal place of business at 801 S. Figueroa Street, Suite 1000, Los Angeles, CA 90017.

19. On information and belief, Viral Ventures CA is a subsidiary and/or corporation related to Viral Ventures PTY.

20. On information and belief, Viral Ventures' knock-off magic bar, The Wizard's Cauldron, has locations in Los Angeles, Houston, Vancouver, Calgary, Toronto, Sydney, Melbourne, Nottingham, Manchester, and Auckland.

## JURISDICTION AND VENUE

21. This court has subject matter jurisdiction over the trademark and trade dress claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as the present case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended, and as is hereinafter more fully described. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The amount in controversy as alleged herein exceeds the jurisdictional limit of this Court.

22. This Court has personal jurisdiction over Defendants because Defendants are deceptively promoting, advertising, and marketing their illicit activities into this State and this Judicial District, and which activities have caused and will continue to cause injury and damage to Plaintiffs within this State and this Judicial District, and further because Defendants continuously and systematically conduct, transact, and

solicit business in this State and within this Judicial District.

23. This court has personal jurisdiction over defendant Viral Ventures PTY because Viral Ventures PTY is engaged in the systematic and continuous conduct of business in the Central District of California. Viral Ventures PTY's conduct in Los Angeles, California, and the surrounding region, required it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the Central District of California.

24. This court has personal jurisdiction over defendant Viral Ventures CA because it is a California corporation with a principal place of business in Los Angeles, California.

## FACTUAL BACKGROUND

**A.  The Magic of Things' Magical Bar and Restaurant Experience and Intellectual Property**

25. The Cauldron is a fantasy-inspired cocktail bar, restaurant, pub, and immersive potions experience where the magic from fantasy and science-fiction books comes to life with science, technology, and design.

26. The Cauldron offers traditional bar services, as well as a potions class and a ticketed cocktail experience, in which customers wear robes and brew potions with molecular mixology and technologically responsive magic wands.

27. The Magic of Things offers information about The Cauldron and its four locations at the following websites: https://thecauldron.io/ and https://thecauldron.nyc.

28. The Magic of Things opened a cocktail experience in its New York location on August 20, 2018, and then opened a bar and restaurant (The Cauldron) in the same building in January 2019.

29. The Cauldron London owns a trademark registration on the Principal Register for **THE CAULDRON**, issued in November 2019, for products and services including "entertainment in the nature of magic shows; conducting entertainment exhibitions in the nature of mixology demonstrations; entertainment services, namely, spirit, liqueur, cocktail, beer, wine, and food tastings; hosting social entertainment

events, namely, corporate events and parties."

30. The Cauldron London first used the trademark **THE CAULDRON** in commerce on August 20, 2018.

31. The Cauldron London owns a trademark registration on the Principal Register for **THE CAULDRON EXPERIENCE**, issued in December 2019, for products and services including "bar services; restaurant services; mixology services; entertainment in the nature of magic shows; conducting entertainment exhibitions in the nature of mixology demonstrations; entertainment services, namely, spirit, liqueur, cocktail, beer, wine, and food tastings; hosting social entertainment events, namely, corporate events and parties."

32. The Cauldron London first used the trademark **THE CAULDRON EXPERIENCE** in commerce on August 20, 2018, in connection with goods and services in class 41, and first used the mark in commerce on January 15, 2019, in connection with goods and services in class 43.

33. The Cauldron London owns a trademark registration on the Principal Register for **THE CAULDRON MAGICAL EXPERIENCE**, issued in December 2019, for products and services including "bar services; restaurant services; mixology services; entertainment in the nature of magic shows; conducting entertainment exhibitions in the nature of mixology demonstrations; entertainment services, namely, spirit, liqueur, cocktail, beer, wine, and food tastings; hosting social entertainment events, namely, corporate events and parties."

34. The Cauldron London first used the trademark **THE CAULDRON MAGICAL EXPERIENCE** in commerce on August 20, 2018, in connection with goods and services in class 41, and first used the mark in commerce on January 15, 2019, in connection with goods and services in class 43.

35. The Cauldron Trademarks were originally owned by The Magic of Things LTD, and they were then assigned to The Cauldron London on February 5, 2020. The

assignment has been recorded with the U.S. Patent and Trademark Office.

**B.     The NDA between The Magic of Things LTD and Viral Ventures PTY**

36.     On or around November 9, 2018, Viral Ventures PTY contacted The Magic of Things LTD under the pretense of creating a partnership for expanding The Magic of Things' concept of its magical bar and cocktail experience into new locations including Melbourne and Sydney.  A true and correct copy of the executed NDA is attached hereto as Exhibit A.

37.     At that time, Viral Ventures was not operating "The Wizard's Cauldron" or any similar magic-based bar and experience.

38.     On November 20, 2018, The Magic of Things LTD and Viral Ventures PTY entered into the NDA governing their potential business partnership.

39.     Under Paragraph 2 of the NDA, "Confidential Information" is defined as: "any information, technical data, or know-how, including, but not limited to, that which relates to research, product plans, products, services, customers, markets, software, developments, inventions, processes, designs, drawings, engineering, hardware configuration information, marketing or finances of the disclosing Party, which Confidential Information is designated in writing to be confidential or proprietary, or if given orally, is confirmed promptly in writing as having been disclosed as confidential or proprietary, or is obviously confidential or proprietary."

40.     Under Paragraph 3 of the NDA, Viral Ventures PTY agreed not to use any Confidential Information disclosed to it by The Magic of Things, either for its own use or for any purpose except to carry out discussions concerning the potential business relationship.

41.     Under Paragraph 6 of the NDA, the parties agreed that the terms of the NDA would continue for a period of two years following the date of the agreement (November 20, 2018), regardless of whether the parties terminated their relationship at any time.

**C.     Viral Ventures PTY Breached the NDA and Intentionally Infringed and**

**Misappropriated The Magic of Things' Intellectual Property**

42. After The Magic of Things declined to pursue the business opportunity with Viral Ventures PTY, Viral Ventures opened competing magic-themed bars under the infringing name "The Wizard's Cauldron" throughout the world.

43. Upon information and belief, Viral Ventures misappropriated numerous proprietary technology and confidential business practices that it only learned through confidential communications with The Magic of Things pursuant to the NDA.

44. Upon information and belief, the following is a non-exhaustive list of proprietary and confidential business practices that Viral Ventures misappropriated from The Magic of Things and has subsequently implemented with "The Wizard's Cauldron" and related marketing/infrastructure:

- Operating format: pouring a drink with a magic wand (and some of the equipment needed to do so from a dispensing standpoint) and mixing drinks according to instructions;
- Recruiting potential business partners and platforms for selling tickets to the experience;
- Operating format: layout of tables to make for easy table joins, length of experience, service timings of experience, areas of the venue that need to be considered for storage, stocking, check-in;
- Offering a welcome drink of Meade;
- Proprietary technology involving the wands;
- Ideal size of venue;
- Cost of equipment set up with specific items needed for service (robes, wands, bottles, and other equipment like pestles, mortars, and dry ice);
- Safe handling of dry ice for this service format;
- Information about booking system for reservations and why that is helpful;
- Mention of disclaimer wording and why that is important;
- Staffing cycle for optimized operations -- i.e. opening up the pop-up bar in sections to limit staffing time;
- The self-guided format;
- The name of the bar/experience; and

- The overarching descriptions of the experiences.

45. The goods and services offered at "The Wizard's Cauldron" are identical or substantially similar to the goods and services offered at The Cauldron, namely, bar and restaurant services; entertainment exhibitions in the nature of mixology demonstrations; spirit, liqueur, cocktail, beer, wine, and food tastings; and hosting social entertainment events, namely, corporate events and parties.

46. Viral Ventures offers information about "The Wizard's Cauldron" bar and experience at the following website: https://www.thewizardscauldron.com/.

47. Viral Ventures opened a pop-up bar in Los Angeles, California, titled "The Wizard's Cauldron" in late 2019, after The Cauldron London already began using the **CAULDRON** Trademarks in the United States.

48. When examining the description of the magical potions experience offered at The Cauldron versus Viral Ventures' knock-off "The Wizard's Cauldron," it is evident that Viral Ventures directly copied and misappropriated the magical experience. See below.





49.    Viral Ventures took the following ideas, designs, and concepts directly from The Cauldron's magical experience: (1) customers are given a robe to don and a magic wand with technological capabilities that dispenses drinks when they arrive; (2) a "potions" making experience involving making alcoholic drinks; (3) mixology, (4) a similar duration (105 minutes versus 90 minutes); (4) a similar cost per individual ($55 and $45 versus $50); (6) prices for peak and off-peak hours; (7) a potions master; and (8) thematic elements derived from science fiction and fantasy stories.

50.    These ideas, designs, and concepts were discussed during confidential communications pursuant to the parties' NDA.

51.    There have been several times when Viral Ventures has opened a new

-10-
COMPLAINT

4837-3726-9428.v1

location for "The Wizard's Cauldron," and The Magic of Things was contacted by confused consumers who believed mistakenly that the magic-themed bar was affiliated with The Cauldron or endorsed by The Magic of Things, when it is not.

52. If Viral Ventures' conduct is not enjoined, The Magic of Things will continue to suffer irreparable harm.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
**(The Cauldron London v. Defendants)**

53. The Magic of Things repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

54. Section 1114(1)(a) of Title 15 of the United States Code states, in pertinent part:

Any person who shall, without the consent of the registrant –

(a) use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…shall be liable in a civil action…

55. Viral Ventures' use of the **CAULDRON** Trademarks in connection with competing goods and services, including confusingly similar trademarks such as "The Wizard's Cauldron" is likely to cause confusion, mistake and deception among the public. In fact, numerous instances of actual confusion have already occurred and continue to occur.

56. Viral Ventures knew that its advertisements and use of confusingly similar trademarks were causing confusion, mistake and deception and continued using the **CAULDRON** Trademarks despite the clear evidence of trademark infringement and actual confusion.

57. The Cauldron London has not consented directly or indirectly to this use of the **CAULDRON** Trademarks.

4837-3726-9428.v1

58. As marks registered on the Principal Register in the U.S. Patent and Trademark Office, The Cauldron London's **CAULDRON** Trademarks are presumed be valid and distinctive under the Lanham Act, and The Cauldron London is presumed to be the exclusive owner of the marks.

59. Viral Ventures has used The Cauldron London's trademarks and terms confusingly similar thereto with competing products and services.

60. Viral Ventures' unauthorized and willful use of The Cauldron London's trademarks and extremely similar marks in connection with the sale of its goods and services constitutes a use in commerce that infringes The Cauldron London's exclusive rights in its marks and is likely to cause confusion, mistake or deception as to the source of the products and services offered.

61. Such actions are also likely to cause and have caused confusion as to whether The Cauldron London is sponsoring, has authorized, or is somehow affiliated with the products or services of Viral Ventures.

62. The parties' goods and services are related, as are the trade channels and purchasers for such products and services. The same classes and types of persons will purchase the products and services offered in connection with the marks at issue.

63. Viral Ventures' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114 and is being conducted with willful disregard of The Cauldron London's valuable trademark rights in its registered trademarks.

64. Viral Ventures' use of The Cauldron London's trademarks in connection with its products and services is a willful attempt to trade upon the goodwill that The Cauldron London has developed in its trademarks.

65. The Cauldron London has no adequate remedy at law. Viral Ventures' conduct, if not enjoined, will cause irreparable damage to the rights of The Cauldron London in its trademarks and its business, reputation and goodwill.

66. As a result of Viral Ventures' willful infringement, The Cauldron London

has suffered monetary damages, and is entitled to actual or statutory damages and attorneys' fees.

WHEREFORE, Plaintiffs seeks judgment as alleged herein.

## COUNT II
## FALSE AND MISLEADING ADVERTISING AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)
### (The Cauldron London v. Defendants)

67. The Cauldron London hereby re-alleges the allegations set forth in Paragraphs 1 through 66 above.

68. Section 1125(a) of Title 15 of the United States Code states, in pertinent part, the following:

> Any person who, on or in connection with any good or services, … uses in commerce any word, term, name, symbol, … or any false designation of origin, … which -- is likely to cause confusion, or to cause mistake, or to deceive…as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action.

69. Viral Ventures' use of the **CAULDRON** Trademarks and confusingly-similar marks such as "The Wizard's Cauldron" falsely suggests that The Cauldron London is the source of, or is somehow affiliated with the provision of, Viral Ventures' products and services, and is likely to deceive members of the relevant trade and public into believing that Viral Ventures' products and services are affiliated with or offered in conjunction with The Cauldron London, in violation of 15 U.S.C. § 1125(a).

70. Viral Ventures' conduct constitutes false and misleading advertising, and false designation of origin in violation of 15 U.S.C. §1125(a).

71. Viral Ventures' conduct is being conducted with willful disregard of The Cauldron London's valuable trademark rights in the **CAULDRON** Trademarks. It represents a willful attempt to trade upon the goodwill that The Cauldron London has developed in the **CAULDRON** Trademarks.

72. The Cauldron London has no adequate remedy at law. Viral Ventures' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of The Cauldron London in its **CAULDRON** Trademarks, reputation and goodwill.

73. As a result of Viral Ventures' conduct, The Cauldron London has suffered monetary damages.

WHEREFORE, Plaintiffs seeks judgment as alleged herein.

### COUNT III
### TRADE DRESS INFRINGEMENT
### (The Cauldron London v. Defendants)

74. The Cauldron London hereby re-alleges the allegations set forth in Paragraphs 1 through 73 above.

75. The design and overall feel and appearance of The Magic of Things' bar, restaurant, and magical cocktail pop-up experience, The Cauldron, is inherently distinctive and has acquired distinctiveness through secondary meaning, including, but not limited to, giving customers robes and a technologically activated magic wand that dispenses drinks, thematic elements from science fiction and fantasy stories, brewing potions, pouring drinks with magic wands, mixology, the use of dry ice, a self-guided experience, and the overall feel and experience that is created through use of the foregoing in a pub or bar.

76. The design and overall feel and appearance of The Cauldron is non-functional.

77. Viral Ventures' imitation of The Cauldron with its "The Wizard's Cauldron" bar and experience are likely to cause confusion in consumers' minds as to the source of the product/service.

78. Consumers associate The Cauldron's trade dress with The Magic of Things, due to its continuous and widespread use internationally since before Viral Ventures created the knock-off "The Wizard's Cauldron."

79. Consumers are likely to see Viral Ventures' infringing designs and experiences and associate the designs with The Magic of Things, or to see both parties' designs, which are substantially similar, and assume those designs are created and manufactured by the same company.

80. The Magic of Things cannot control the quality or features of "The Wizard's Cauldron" designs or experiences, and Viral Ventures created an inferior product that consumers are likely to incorrectly associate with The Magic of Things.

81. The Cauldron London has been and continues to be damaged by Viral Ventures' activities and conduct. Accordingly, Cauldron London is entitled to recover their damages, as well as Viral Ventures' profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

82. Unless Viral Ventures' conduct is enjoined, The Cauldron London and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

83. By reason of the foregoing, The Cauldron London is entitled to injunctive relief, treble damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs seeks judgment as alleged herein.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION
### (The Cauldron London v. Defendants)

84. The Cauldron London hereby re-alleges the allegations set forth in Paragraphs 1 through 83 above.

85. The Cauldron London is informed and believes and thereon alleges that Defendants have engaged in and continue to engage in unfair competition by using the The Cauldron London's **CAULDRON** Trademarks, with the intention of interfering with and trading on the business reputation and goodwill engendered by The Cauldron London through hard work and diligent effort, "passing off" its offerings as those of

another, in order to entice customers to buy Non-Genuine products and services from Defendants.

86. Defendants' acts have caused The Cauldron London competitive injury, as described herein, and specifically have caused The Cauldron London to incur damages in an amount to be proven at trial consisting of, among other harm, diminution in the value of and goodwill associated with the **CAULDRON** Trademarks.

87. Defendants' acts as alleged above, and specifically, without limitation, use of the **CAULDRON** Trademarks, if not enjoined, will continue. The Cauldron London has no adequate remedy at law.

WHEREFORE, Plaintiffs seeks judgment as alleged herein.

### COUNT V
### UNFAIR COMPETITION
### (CAL. BUS. & PROF. CODE § 17200)
### (The Cauldron London v. Defendants)

88. Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 87 above.

89. Defendants' activities, which include unfair competition by using The Cauldron London's **CAULDRON** Trademarks, with the intention of interfering with and trading on the business reputation and goodwill engendered by The Cauldron London through hard work and diligent effort, "passing off" its offerings as those of another, in order to entice customers to buy Non-Genuine products and services from Defendants violate Sections 1114 and 1125 of the Lanham Act, as alleged above.

90. In addition, Defendants' unauthorized use of the marks which incorporate and are confusingly similar to the **CAULDRON** Trademarks has caused and/or is likely to cause confusion among consumers, and/or has diluted and/or will continue to dilute the **CAULDRON** Trademarks.

91. Defendants' activities are calculated to deceive the public and thus constitute an unfair and deceptive business practice.

92. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Defendants collected revenues and/or realized profits to which they were and are not entitled.

93. The Cauldron London seeks restitution and disgorgement of the revenues collected and/or profits realized by Defendants as a result of Defendants' illegal, unfair, and/or deceptive business and advertising practices.

94. Pursuant to California Business and Professions Code sections 17203 and 17535, The Cauldron London further seeks an order of this Court enjoining Defendants from continuing its wrongful business practices. Unless restrained by this Court, Defendants will continue to engage in illegal, unfair, false and misleading business practices, as alleged above, in violation of sections 17200 and 17500 of the California Business and Professions Code. The Cauldron London and the public will be irreparably harmed if an order of the Court enjoining such practices is not granted. The Cauldron London is therefore entitled to preliminary and permanent injunctions.

95. The Cauldron London has no adequate remedy at law for the injury alleged in this cause of action, and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

96. In addition to injunctive relief, disgorgement, and restitution, The Cauldron London is also entitled to all other remedies provided under Business and Professions Code section 17203.

WHEREFORE, Plaintiffs seeks judgment as alleged herein.

## COUNT VI
## BREACH OF CONTRACT
**(The Magic of Things LTD v. Viral Ventures PTY)**

97. Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 96 above.

98. On November 20, 2018, The Magic of Things LTD and Viral Ventures PTY entered into the NDA governing their potential business partnership. The NDA

attached hereto as Exhibit A constitutes a binding contract.

99. Viral Ventures PTY then misappropriated the Confidential Information it learned through its conversations with The Magic of Things LTD and created a competing magic-based bar, "The Wizard's Cauldron," in a direct breach of Paragraphs 3 and 6 of the NDA.

100. Viral Ventures PTY used the same thematic elements, designs, and overall experience in "The Wizard's Cauldron" that it only learned through confidential communications with The Magic of Things LTD, in direct violation of the NDA.

101. As a result of Viral Ventures' breach of the NDA, The Magic of Things LTD has been damaged.

WHEREFORE, Plaintiffs seeks judgment as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, The Magic of Things respectfully demands judgment:

a. That Viral Ventures, its officers, directors, agents, servants, employees, related companies, licensees, and all persons acting for, with, by, through and under them, be preliminarily and permanently enjoined:

(1) from using any trademark confusingly-similar to The Cauldron London's trademarks, including Viral Ventures' use of "The Wizard's Cauldron," in connection with any of the classes of goods and services identified in The Cauldron London's existing registrations on the Principal Register of the U.S. Patent and Trademark Office for **THE CAULDRON**, **THE CAULDRON EXPERIENCE**, and **THE CAULDRON MAGICAL EXPERIENCE**;

(2) from using any trademark confusingly similar to The Cauldron London's trademarks in any manner likely to cause confusion, mistake or to deceive the relevant trade and public;

(3) from committing any acts calculated to cause consumers or the relevant trade to believe that Viral Ventures' goods and services are associated with or

1 | authorized by The Cauldron London; and

2 |     (4) from otherwise competing unfairly with The Cauldron London in
3 | any manner.

4 |   b. That Viral Ventures pay to The Cauldron London such damages as The
5 | Cauldron London has sustained as a consequence of Viral Ventures' infringement and
6 | unfair competition, and to account for and to pay to The Cauldron London:

7 |     (1) all gains, profits, and advantages derived by Viral Ventures from its
8 | infringement;

9 |     (2) all gains, profits, and advantages derived by Viral Ventures from its
10 | unfair competition;

11 |     (3) all damages incurred by The Cauldron London as a result of Viral
12 | Ventures' infringement and unfair competition.

13 |   c. That The Cauldron London be awarded treble and statutory damages
14 | pursuant to the Lanham Act, based on the willful nature of Viral Ventures'
15 | infringement.

16 |   d. That The Cauldron London be awarded its reasonable attorney's fees and
17 | costs in this action, and

18 |   e. That The Magic of Things be awarded such other and further relief as the
19 | court may deem equitable.

## JURY DEMAND

The Magic of Things hereby demands a trial by jury for all issues that are so triable.

Dated: February 14, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____
CHRISTOPHER E. STRETCH
KENNETH E. KELLER
Attorneys for Plaintiff